**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 7860 |
| ) | |
| DERRICK SHAREEF, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Derrick Shareef pled guilty to a charge of attempted use of a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2)(D). Judge David Coar sentenced Shareef to a thirty-five year prison term. Alleging that his lawyers were constitutionally ineffective, Shareef—who is proceeding *pro se*—has moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court denies Shareef's motion in part and orders the government to submit additional materials in support of its position.

## Background

Shareef was the target of a months-long investigation involving a plot to detonate explosives at the CherryVale Mall near Rockford, Illinois. In September 2006, Shareef became acquainted with William Chrisman, who—unbeknownst to Shareef—was cooperating with the FBI. Chrisman befriended Shareef and invited him to stay in his home. Over the course of the next three months, Chrisman and Shareef discussed a

plan to attack the mall during Christmas season.  Chrisman recorded many of these conversations without Shareef's knowledge.  He also told Shareef that he could arrange for them to purchase guns and explosives to use in the attack.

Chrisman and Shareef continued to plan the attack throughout the fall of 2006.  They visited CherryVale Mall to strategize and created videotaped statements to be released following the attack.  Through Chrisman, they also arranged to purchase guns, grenades, and ammunition from an undercover agent posing as a weapons supplier.  In early December 2006, Chrisman and Shareef met the agent in a parking lot to purchase the weapons.  The agent provided Shareef with a locked box containing a nine-millimeter handgun, four non-functioning grenades, and several rounds of non-functioning ammunition.  In exchange, Shareef gave the agent stereo speakers worth about $2,000.  As Shareef put the box containing the weapons into the trunk of Chrisman's car, agents monitoring the transaction arrested him.

A federal grand jury returned a two-count indictment against Shareef on January 4, 2007.  Count one charged Shareef with violating 18 U.S.C. § 2332a(a)(2)(D) by attempting to use a weapon of mass destruction against persons or property within the United States.  Count two alleged that Shareef violated 18 U.S.C. § 844(I) by attempting to maliciously damage and destroy real or personal property by means of fire and an explosive.

Shareef pled guilty to count one without a plea agreement on November 28, 2007.  He later informed his attorney, Michael Mann, that he wished to file a motion to withdraw his guilty plea and proceed to trial to present an entrapment defense.  Mann disagreed with Shareef and filed a motion to withdraw, which Judge Coar granted.

Judge Coar subsequently appointed Donald Young to represent Shareef. Shareef told Young about his desire to withdraw his plea, and Young advised Shareef that an entrapment defense was unlikely to succeed. Based on Young's advice, Shareef again changed his mind and chose not to seek withdrawal of the guilty plea. On September 30, 2008, Judge Coar sentenced Shareef to a thirty-five year prison term, five years of supervised release, and a $5,000 fine.

The Seventh Circuit affirmed Shareef's conviction on direct appeal, *United States v. Aguilar-Huerta*, 576 F.3d 365 (7th Cir. 2009), and the Supreme Court denied his petition for a writ of certiorari on December 7, 2009. *Shareef v. United States*, 130 S. Ct. 811 (2009).

## Discussion

In his section 2255 motion, Shareef seeks to vacate his guilty plea and proceed to trial. He argues that his attorneys were ineffective because they failed to investigate and raise defenses of entrapment and sentencing entrapment. The government counters that Shareef's motion must be denied because (1) the motion is untimely, (2) Shareef testified under oath that he was satisfied with the advice and efforts of his attorneys, and (3) Shareef cannot show that his attorneys' conduct was objectively unreasonable or that it prejudiced him.

### 1. Timeliness

The government argues that Shareef's section 2255 motion is untimely because "[t]his Court received the instant § 2255 Petition on December 10, 2010," more than one year after Shareef's conviction became final on December 7, 2009. Pl.'s Resp. to §

2255 Mot. at 6. The Court disagrees. Motions to vacate a sentence under section 2255 are subject to a one year period of limitations. *See* 28 U.S.C. § 2255(f). "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts. Shareef states under oath that he gave his motion to prison officials for mailing on December 5, 2010, a statement confirmed by a receipt he has provided that indicates that the post office in Greenville, Illinois accepted the package on December 7, 2010. *See* Def.'s Reply, Ex. A-2. Because Shareef gave the motion to the proper prison authorities within one year after his conviction became final, the motion is timely.

**2.     Ineffective assistance claims**

Shareef contends that he received ineffective assistance of counsel because his attorneys did not investigate and raise entrapment and sentencing entrapment defenses. The government argues that these claims fail because Shareef swore under oath that he was satisfied with the advice he received, and in any event he cannot show that his attorneys' actions were unreasonable or that he was prejudiced by them.

The Court assesses Shareef's ineffective assistance of counsel claim pursuant to the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Shareef must make a two-part showing. First, he must demonstrate that his attorneys' performance "fell below an objective standard of reasonableness." *Id.* at 688. The Court makes "every effort . . . to eliminate the distorting effects of hindsight" and thus "indulge[s] a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Id.* at 689. Second, Shareef "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "To establish prejudice in the pleading context, [Shareef] must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). Shareef cannot simply allege that he would have insisted on proceeding to trial; rather, he must "come forward with objective evidence that he would not have pled guilty." *Id.*

a. **Claims based on Mann's performance**

The government argues that Shareef's ineffective assistance claims should be rejected based on statements he made during the plea hearing. With respect to the claims premised upon the actions and advice of Shareef's first attorney, Michael Mann, the Court agrees. These claims amount to an assertion by Shareef that Mann's performance was deficient. This assertion directly contradicts Shareef's statement under oath when Judge Coar asked him during the guilty plea hearing whether he was "satisfied with the advice and efforts of [his] attorney." Plea Tr. 6:7-8. Shareef asked Judge Coar to repeat the question before responding "yes." *Id.* 6:9-12. Statements such as these "are accorded a presumption of verity," *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002) (internal quotation marks omitted), and as such "a defendant is normally bound by the representations he makes to a court during the [plea] colloquy." *Hutchings*, 618 F.3d at 700.

Shareef has provided no facts discovered since his guilty plea hearing to rebut

-5-

his testimony at that hearing that Mann's performance was adequate. To the contrary, Shareef's ineffective assistance arguments are premised on the notion that Mann failed to investigate and raise the entrapment defenses despite the fact that Shareef provided him with the facts supporting the defenses—in particular, that Chrisman threatened to kill Shareef if he did not go through with the attack on the mall. *See, e.g.,* Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate at 2 ("Def.'s Mot.") ("Counsels' performance was deficient where *petitioner had informed counsels*[] that he was not predisposed to commit any terrorist attacks, and if not for improper government inducement petitioner would not have been involved in committing any criminal acts"). Based on Shareef's own allegations, all of this occurred prior to the guilty plea hearing. *See id.* at 2-3 (alleging that Shareef informed Mann of Chrisman's threats, Mann advised Shareef to plead guilty, and Shareef did so based on that advice).

Shareef's only plausible basis for rebutting his prior testimony is his assertion that he was unaware until after he pled guilty that an FBI agent corroborated the making of the threat. But Shareef was undoubtedly aware of the threat itself when he pled guilty, given that he was the person to whom it was directed. Despite this, and despite knowing what Mann had and had not done, Shareef testified under oath that he was satisfied with Mann's advice and efforts. Shareef's motion asks the Court to ignore this testimony, but "statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). Accordingly, the Court concludes that Shareef's ineffective assistance claims fail to the extent that they are premised on Mann's allegedly deficient performance.

### b. Claims based on Young's performance

Shareef's motion also asserts that his second attorney, Donald Young, was ineffective for failing to investigate and raise entrapment and sentencing entrapment defenses. Because Judge Coar appointed Young after Shareef had pled guilty, Shareef's claims concerning Young involve Shareef's decision not to seek to withdraw the plea and the arguments that Young made at sentencing. The government counters that (1) Young's decision to advise Shareef against filing a motion to withdraw his guilty plea was a reasonable strategic choice under the circumstances, and (2) even if Young's performance was deficient, the evidence against Shareef precludes him from showing prejudice—i.e., a reasonable probability that he would not have pled guilty but for Young's deficient conduct. Pl.'s Resp. to § 2255 Mot. at 8.

Based on the evidence currently before the Court, the Court is unable to determine whether Young's performance was objectively unreasonable. Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Lopez v. Thurmer*, 594 F.3d 584, 588 (7th Cir. 2010) (internal quotation marks omitted) ("[W]e will not pick apart counsel's strategic choice with the benefit of hindsight"). At the same time, however, "choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. As such, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at

691.  *Strickland* thus requires the Court to assess whether Young's advice to Shareef and his alleged failure to investigate further before advising Shareef not to withdraw his guilty plea were reasonable, given the state of the government's evidence against Shareef.

The government asserts that "[t]here were audio and video recordings, photographs, forensic analysis of [Shareef's] computer, and testimony of witness that would have all shown that [Shareef] intended to commit acts of violent jihad against the United States" and that based on this evidence, "it was reasonable for [Shareef's] attorneys not to directly pursue the entrapment defense."  Pl.'s Resp. to § 2255 Mot. at 8.  But the government has neither provided these materials to the Court nor described their contents in anything other than very general terms.  With the exception of several quotes from recorded conversations that the government's attorney recited during the plea hearing, the Court is left only with the government's very general and unsupported representation of what the evidence at trial would have shown.

Given this dearth of evidence, the Court cannot presently determine whether Young's claimed decision not to investigate further and his advice to Shareef were objectively reasonable.  The Court will thus direct the government to submit materials it believes are sufficient to establish that Shareef cannot satisfy the deficiency prong of the *Strickland* test with regard to Young's advice and actions.  *See* Rule 7(a), Rules Governing Section 2255 Proceedings in the United States District Courts ("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.").  Shareef will have an opportunity to review these materials and "admit or deny their correctness" before the Court makes a

decision. *See* Rule 7(c).

Though additional evidence is needed to determine whether Young's actions were objectively reasonable, it appears likely that Shareef will be able to satisfy *Strickland*'s prejudice requirement with regard to Young's advice not to withdraw the guilty plea. In this context, to establish prejudice Shareef must "show that (1) there was a reasonable probability that, but for [Young's] errors, he would not have pled guilty and would have insisted on going to trial and (2) there was a reasonable probability that the court would have granted his motion to withdraw the guilty plea." *Ward v. Jenkins*, 613 F.3d 692, 699 (7th Cir. 2010).

First, the evidence suggests a reasonable probability that Shareef would have insisted on going to trial in the absence of Young's advice and actions. Shareef has submitted an affidavit and other objective evidence indicating that he sought to file a motion to withdraw his guilty plea prior to Young's appointment. *See* Decl. of Derrick Shareef ¶ 30 (stating that Shareef asked Mann "to file a Motion to Withdraw the Guilty Plea, because based on the threats by [Chrisman], there should be an entrapment defense"); Def.'s Mot., Ex. 12 (letter from Mann to Shareef recalling that Shareef "told [Mann] that [he] wished to try to vacate [his] plea"). Based on this evidence, it is likely that Shareef has established a reasonable probability that, but for Young's allegedly deficient investigation and advice, he would have filed a motion to withdraw his guilty plea. *See Hutchings*, 618 F.3d at 697 (internal quotation marks omitted) (recognizing that a petitioner's testimony that he would have insisted on going to trial "can support a finding of prejudice if combined with probative, objective evidence, such as a history of the plea discussion").

Second, the current record also suggests a reasonable probability that if Shareef had filed a motion to withdraw his guilty plea, Judge Coar would have granted the motion. A defendant may withdraw his guilty plea prior to sentencing if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Though "claims of innocence alone do not mandate permission to withdraw a plea . . . . being legally innocent of the crime is a fair and just reason to withdraw a guilty plea," and "when assertions of innocence are substantiated by evidence, the district court must do more than simply deny the motion out of hand." *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993). As such, a "serious allegation of newly discovered evidence" will "often require a more plenary examination" in considering a motion to withdraw a plea. *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997).

As discussed above, Shareef contends he discovered after pleading guilty that an FBI agent confirmed Chrisman's threat to kill Shareef if he did not go through with the attack. Though the agent stated that the comment was made in a joking manner, his corroboration of its veracity arguably supports Shareef's assertion that he was entrapped, or perhaps coerced. This suggests a reasonable probability that Judge Coar would have allowed Shareef to withdraw his guilty plea had he sought to do so. *See Ward*, 613 F.3d at 701 (recognizing that a court need not "definitively" find that withdrawal would have been warranted). The Court defers final determination of the prejudice issue, however, pending the parties further submissions, as it is conceivable that the resolution of that issue may be affected by the parties' submissions regarding the nature of the evidence tending to show Shareef's guilt as well as additional

arguments the parties may make.

**Conclusion**

For the reasons stated above, the Court denies defendant's section 2255 motion with respect to all claims arising out of the advice and efforts of his first attorney, Michael Mann, but otherwise reserves judgment on the motion. The Court directs the United States to submit additional evidentiary materials to support its contention that attorney Donald Young's performance was not deficient. The government's submission is due by no later than June 10, 2011, and defendant's response is due by no later than July 7, 2011.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 13, 2011